*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PARKVIEW HILLS COMMUNITY
ASSOCIATION,

       Petitioner-Appellant,

v

CITY OF KALAMAZOO,

       Respondent-Appellee.

UNPUBLISHED
January 18, 2024

No. 365331
Tax Tribunal
LC No. 22-001011-TT

Before: BOONSTRA, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Petitioner owns property that it maintains as a greenspace. Respondent assessed a taxable value to that property, and petitioner argued that the property had no taxable value because it had no commercial value. The Tax Tribunal determined that petitioner had not defined the property's commercial restriction as a greenspace and upheld respondent's assessment. We affirm.

Petitioner owns properties that comprise the Parkview Hills neighborhood, and the Planned Unit Development for this neighborhood contained a Declaration of General Covenants, Conditions, and Restrictions. At issue in this appeal is a piece of petitioner's property that petitioner maintains as a common-area and greenspace for the neighborhood's residents. The Declaration defined a common area as "real property owned by [petitioner] for the common use and enjoyment" of residents and that "[petitioner], by the acceptance of a conveyance of the common areas, covenants to maintain the same in good condition in accordance with the purposes stated in this [D]eclaration." The Declaration also provided a clause to amend this covenant "by affirmative vote of all the outstanding votes held by [petitioner's owners] and by affirmative vote of 75% of all the outstanding votes allowable for owner-occupied dwelling units."

Respondent assessed the taxable value of the property at $43,747 because the property was classified as a vacant commercial lot without a tax exemption. Petitioner appealed this assessment to the Tax Tribunal, after an unsuccessful appeal to the Board of Review, and it argued that the property was "worth $0 for commercial development" because the property was restricted as a common-area greenspace under the Declarations. Petitioner further argued that there were nine

other similarly situated common-area greenspace parcels in the neighborhood, each classified as either tax exempted improved-commercial lots or vacant residential lots, that were assessed no taxable value.

In support of its argument, one of petitioner's witnesses explained that the property "could not be developed for commercial use" because the Planned Unit Development "allowed only a certain amount of commercial office and retail space and the developers had already used all the square footage allowed," and petitioner also argued that the Zoning Administrator for the City of Kalamazoo confirmed that the property was intended to be a greenspace.

The Tax Tribunal issued a proposed opinion and judgment that held that petitioner had "provided no documentary evidence indicating [that] development of the [subject] property [wa]s restricted" and "base[d] its argument on the fact that nine other parcels" were assessed no taxable value. Petitioner filed an exception to this proposed opinion and judgment, and the Tax Tribunal issued a final opinion that held that petitioner had not provided documentation "to define the scope and nature" of the restriction that it claimed gave the property no taxable value. The Tax Tribunal then affirmed that the taxable value of the property was $43,747.

The Tax Tribunal denied petitioner's motion for reconsideration, and petitioner now appeals.

This Court is limited in its review of a Tax Tribunal's decision. *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). Unless there is a claim of fraud, this Court reviews Tax Tribunal decisions to determine whether that tribunal misapplied the law or adopted a wrong legal principle. *Wilson v City of Grand Rapids*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358657); slip op. at 3. This Court will not disturb the tribunal's factual findings so long as they are supported by competent, material, and substantial evidence on the whole record. *Id*.

Petitioner argues that the Tax Tribunal erred by holding that the scope of the property's restriction did not reduce its taxable value to zero because the Declaration restricted the property to a common-area greenspace that could not be developed. Petitioner ignores, however, that the greenspace restriction was self-imposed by petitioner because the Declaration allowed for the restriction to be amended, and this Court has consistently held that "self-imposed restrictions on marketability are not proper considerations in assessing property value." *Canada Creek Ranch Ass'n, Inc v Montmorency Twp*, 206 Mich App 498, 504; 522 NW2d 690 (1994). Although the restriction on the use of the subject property "undoubtedly [has] an effect on the value of the property for assessment purposes, [the restriction] do[es] not necessarily render the property unmarketable or the value nominal." *Id*. at 504.

Petitioner's other arguments are also unavailing. Even assuming without deciding that petitioner's witness is correct that the allowed square footage for commercial and retail space was already allotted to other parcels before petitioner accepted the conveyance of the property, that allotment would not re-classify the property as something other than a vacant commercial lot subject to a tax evaluation. Similarly, the City's Zoning Administrator acknowledging that the property would be used as greenspace does not provide the property a tax-exempt status.

Lastly, petitioner ignores that its other nine parcels it maintains as greenspace, with no assessed taxable value, are classified as either improved commercial lots that are exempt from commercial industrial classes properties for tax purposes, or classified as vacant residential lots. The property at issue in this case is classified as a vacant commercial lot, which is subject to a tax evaluation. Simply put, the distinction between petitioner's nine parcels without a taxable value and the property in this case with a taxable value is their materially different classifications.

Consequently, the Tax Tribunal's valuation of the property did not constitute a misapplication of the law or an adoption of a wrong legal principle.

Affirmed.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle